IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JAMES EDWARD LEWIS,       §
         Petitioner,         §
VS.                        §       CIVIL ACTION NO. H-09-3818
                           §
RICK THALER,            §
         Respondent.       §

## MEMORANDUM AND OPINION

Petitioner, James Edward Lewis, seeks habeas corpus relief under 28 U.S.C. § 2254. The threshold issue is whether this petition is subject to dismissal as successive. For the reasons discussed below, the court finds that this petition should be dismissed for lack of jurisdiction.

### I.     Background

A jury found Lewis guilty of the felony offense of unauthorized use of a motor vehicle. (Cause Number 867453). The court sentenced Lewis to fifteen years imprisonment.

Lewis has filed one previous federal petition challenging his conviction in Cause Number 867453, the same conviction under attack in the instant petition. Lewis filed that federal petition on February 16, 2005 in Civil Action Number H-05-0522. On March 2, 2005, this court dismissed the petition as barred by limitations.

Lewis filed the instant petition on November 23, 2009. The threshold issue is whether this court has jurisdiction to consider Lewis's federal petition.

### II.     Discussion

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). This court dismissed Lewis's

earlier federal petition as time-barred in Civil Action Number 4:05-0522. In federal court, dismissals grounded on the statute of limitations are final adjudications on the merits. *See Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 880 F.2d 818, 819-20 (5th Cir. 1989). In *Villanueva v. United States,* 346 F.3d 55, 61 (2nd Cir. 2003), the Second Circuit considered the issue of whether a dismissal as time-barred constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. That court explained:

> As with habeas petitions that are denied as procedurally barred or pursuant to Stone, the dismissal of a § 2255 petition as untimely under AEDPA presents a "permanent and incurable" bar to federal review of the merits of the claim. The bar is permanent because, unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. Accordingly, we hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.

*Id.* at 61.

In *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003), the Seventh Circuit considered the same issue and reasoned as follows:

> Section 2244(b) requires petitioners to get permission from the courts of appeals before filing second or successive petitions in the district courts. Not every petition counts for purposes of § 2244(b), so in some cases later petitions are not considered second or successive under § 2244(b) and can be filed without permission from the courts of appeals. We have previously identified several cases in which prior petitions do not count because they suffer from technical or procedural deficiencies that the petitioners can rectify before refiling their petitions,[1] but we have never decided whether a petition

---

[1]

For example, the Seventh Circuit did not count petitions dismissed because the petitioner filed in the wrong district; where the petitioner failed to pay the filing fee; or where the petition was dismissed as premature. That court found that a petition did count for purposes of § 2244(b) if the petition was denied on the merits; if the petitioner voluntarily dismissed in the face of an imminent

> dismissed as untimely counts for purposes of § 2244(b). We hold today that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims.
>
> In this case, Mr. Altman filed his prior petition after the one-year statute of limitations expired, so the district court dismissed it as untimely. Mr. Altman can do nothing to correct his late filing, and if he refiled his petition the district court would again deny it as untimely. He received his one opportunity to litigate a federal collateral attack, but he failed to do it in a timely manner. His prior petition therefore counts and he needs this court's permission to file another petition.

*Altman*, 337 F.3d at 766.

In *Parker v. Dinwiddie*, 2007 WL 4290003 (10th Cir. 2007), the Tenth Circuit considered this issue:

> Mr. Parker previously filed a § 2254 petition in 1998, in which he challenged the same convictions. The district court denied relief on the ground that the petition was filed beyond the one-year period set forth in 28 U.S.C. § 2244(d). In spite of Mr. Parker's arguments to the contrary, a dismissal on statute of limitations grounds is a disposition on the merits. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, any [involuntary] dismissal ...-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits."); *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir. 1991) (holding that "a dismissal on limitations grounds is a judgment on the merits.").

*Parker*, 2007 WL 4290003, *1.

---

loss; or if the petition was denied based on a procedural default.

This court finds the reasoning in *Villanueva, Altman,* and *Parker* to be persuasive. The dismissal of Lewis's earlier federal petition based on limitations is not the type of procedural ruling that makes the instant federal petition non-successive. The statute of limitations operates as an irremediable defect barring consideration of Lewis's substantive claims.

This court lacks jurisdiction to consider Lewis's petition as it is a "successive" application governed by the amendments to the AEDPA requiring that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court.

Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Lewis's successive application, and therefore, this court lacks jurisdiction to consider Lewis's habeas claims.[2]

### III.   Conclusion

Lewis's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction. Lewis's motion to proceed *in forma pauperis,* (Docket Entry No. 3), is GRANTED. Any remaining pending motions are DENIED as moot.

---

[2]

When a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court shall transfer the action to any other court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631. The action shall proceed as if it had been filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred. *Id.*

From Lewis's litigation history, the court determines that he is capable of requesting leave to file a successive petition in the United States Court of Appeals for the Fifth Circuit.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)).   An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.   *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.   *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484).   Lewis has not made the necessary showing.   A certificate of appealability is denied.

SIGNED at Houston, Texas, on ___DEC 18___, 2009.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE